IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LONGSTRETH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RON WARD, Director of the Oklahoma )<br>Department of Corrections, *et al.*, )<br>)<br>Defendants. ) | Case Number CIV-03-1074-C |

## ORDER AFFIRMING REPORT AND RECOMMENDATION

On March 31, 2004, Magistrate Judge Bana Roberts entered a Report and Recommendation (R&R) recommending dismissal of Plaintiff's Complaint for failure to comply with the Court's Orders and failure to prosecute. Plaintiff filed an objection and the matter is now at issue.

Plaintiff brought this 42 U.S.C. § 1983 action asserting a violation of his constitutional rights. According to Plaintiff, the Oklahoma Department of Corrections ("ODOC") was applying a policy in a manner that violated his constitutional rights. Plaintiff sought declaratory and injunctive relief from ODOC's application of the policy. Shortly after filing his Complaint, Plaintiff filed a motion to dismiss that portion of his claim which sought preliminary injunctive relief. In that motion Plaintiff noted that the challenged amendment had been rescinded and that he had been returned to his previous position in all respects. Plaintiff's motion was granted. As a part of the Order granting Plaintiff's motion, and of critical importance to the present proceedings, Plaintiff was directed to file an Amended Complaint. See September 30, 2003, Order, Dkt. No. 14, p. 1 ("Not later than October 15,

2003, plaintiff shall file an amended, supplemental complaint containing only claims that he intends to pursue."). Plaintiff did not comply with the Court's directive. On November 20, 2003, Judge Roberts entered a Show Cause Order directing Plaintiff to explain his failure to comply and demonstrate cause to be allowed to proceed. On November 25, 2003, Plaintiff responded stating he did not feel any amendment was necessary. On March 31, 2004, Judge Roberts then entered the above noted R&R, advocating dismissal.[1]

The Court agrees with the recommendation of the Magistrate Judge. Without question the Court has the power to dismiss a case for failure to follow the Court's Orders. Chavez v. City of Albuquerque, 402 F.3d 1039, 1044 (10th Cir. 2005). However, before entering such an extreme sanction, the Court should consider the following:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Id. at 1044 (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)). Here, consideration of each of these factors weighs in favor of dismissal. Although Defendants have not been required to answer or otherwise appear in this action, Plaintiff's failure to comply with the Court's Order will cause them prejudice. As set forth more fully below, in its current state Plaintiff's Complaint fails to fairly apprise his opponent of the basis for his requested relief. To require Defendants to respond would create a needless expenditure of

---

[1] The Court's resolution of the R&R was delayed as the case was stayed pending the appeal of the Court's denial of his request for a temporary restraining order.

time and resources. Likewise, Plaintiff's conduct has interfered with the judicial process. Indeed, it is difficult to imagine greater interference than disregarding an Order of the Court. Further, Plaintiff's failure to timely amend has required the Court to once again decipher his allegations in an attempt to determine if there was any way to proceed further without an amendment. As Plaintiff proceeds pro se, he is the person responsible for the failure to comply. Indeed, in response to the show cause order, Plaintiff averred that he had reviewed his Complaint and felt it was adequate. Plaintiff cannot now argue the he is not to blame for the error of his assessment. Plaintiff was warned that he was facing dismissal by the Magistrate Judge's show cause order. Finally, no lesser sanctions would adequately address Plaintiff's misconduct. Plaintiff's failure to file an Amended Complaint prevents this case from moving forward. Imposing a fine or some other lesser sanction would not resolve the shortcomings in the Complaint or allow Defendants to properly respond. And while dismissal for failure to amend to delete a withdrawn claim would not, in all cases, be an appropriate sanction if a litigant elects to stand on the original pleading, dismissal is required here, because the present petition fails to state a claim.

Pursuant to 28 U.S.C. § 1915A, the Court must review all prisoner Complaints as early as is feasible.[2] As currently written, Plaintiff's Complaint seeks relief from a policy

---

[2] Plaintiff complains that Judge Roberts improperly applied the screening requirements of the PLRA. According to Plaintiff, because he is not proceeding in forma pauperis such screening is improper. Plaintiff's position is without merit. 28 U.S.C. § 1915A requires screening of all prisoner complaints whether brought IFP or not. See Payment v. BOP, Case No. 00-1290, 2000 WL 1838279, *1 (10th Cir. Dec. 14, 2000) ("The screening procedure set forth in § 1915A applies to all civil complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee.").

amendment he admits has been rescinded. By Plaintiff's own admission, after the policy amendment was rescinded he was returned to his former status; thus, there is no allegation of harm. Because the policy is no longer applied to Plaintiff, it is doubtful he has standing to challenge it or to seek a declaration from the Court as to its validity. Thus, in its current state, Plaintiff's Complaint fails to state a claim for relief. Although Plaintiff seeks declaratory relief regarding the grievance policy and procedures, his arguments are conclusory and lack the factual support necessary to state a claim for relief. Further, as noted by Judge Roberts, it is doubtful Plaintiff can state a claim for relief on this issue as there is no property interest in the processing of grievances. In short, even absent the need to sanction Plaintiff for disobeying Judge Alley's Order requiring amendment, Plaintiff's Complaint is subject to dismissal.

Plaintiff also complains of the rejection of his request for entry of default. However, the R&R on that request was entered on November 20, 2003. Pursuant to 28 U.S.C. § 636 and LCvR72.1, any objection was required to be filed within ten days. Therefore, Plaintiff's present objection is untimely and will be denied. Even had Plaintiff timely objected, his request was improper. As Judge Roberts noted in the November 20, 2003, R&R, LCvR9.2 makes clear that Defendants were not required to respond to Plaintiff's Complaint until ordered to do so by the Court. As no such Order has been entered in this case, Defendants were not in default. Therefore, Plaintiff's request was properly rejected.

After proper consideration, the Court finds dismissal is an appropriate sanction for Plaintiff's failure to comply with the Court's Order. Further, because the policy amendment

originally challenged by Plaintiff is no longer applied to him and because he has failed to state a claim regarding the grievance policy, Plaintiff's Complaint is subject to dismissal. Accordingly, the Court ADOPTS in its entirety the March 31, 2004, Report and Recommendation of the Magistrate Judge and DISMISSES Plaintiff's claim without prejudice.

    IT IS SO ORDERED this 25th day of July, 2005.

ROBIN J. CAUTHRON
United States District Judge